UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :

      v.                     :      Criminal No. 07-153-19 (ESH)

JOHN FRANKLIN CRUM    :

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO SUSPEND THE COMPUTATION OF
TIME PURSUANT TO THE SPEEDY TRIAL ACT

Defendant, John Franklin Crum, by and through his attorney, makes the following response to the Government's Motion To Suspend the Computation of Time Under the Speedy Trial Act.

1.  The Government seeks a 270 exclusion under the Speedy Trial Act because of the overall complexity of the case. Defendant, herein, recognizes that it would be unrealistic to believe that the trial of this case could begin within the seventy day period from arraignment. Defendant, however, believes that a determination of exclusion of time be deferred until the Status Hearing of July 27, 2007. The reasons are as follows:

2.  Discovery in this case needs to be received and an opportunity afforded to examine what appears will be voluminous material in the nature of electronic surveillance documents i.e. applications, affidavits and orders for eleven intercepts and 1817 hours of interceptions; affidavits and search warrant materials; inventory of evidence seized; results of scientific tests and

1

analyses; materials relating to observations and arrest and seizure reports as well as other materials not yet identified.

    3.  There is the further question as to when any superseding indictments may be filed and a determination of the actual number of defendants who will be charged.

    4.  There must also be a timetable for the filing of pre-trial motions which will exclude time under the Speedy Trial Act 18 U.S.C.3161(h)(1)(F). But this can only be determined following an opportunity to review discovery material.

    5.  There will be the question of whether, because of the sheer number of defendants, the trials will be separated by groups and how the groups will be determined.

    6.  A further consideration concerns the schedules and availability of counsel who may have trials in other cases before other Judges already scheduled.

    7.  The above is not a complete list of factors to be considered and that other Counsel may have additional considerations to express.  Any exclusion of time could not, as a practical matter, be inflexible, but in order to have a realistic assessment of exclusion, deferring this matter until the Status Conference of July 27, 2007 would be in order.

WHEREFORE, Defendant would request the question of exclusion of time under the Speedy Trial Act be deferred until the Status Conference.

                WILLIAM JACKSON GARBER#42887
                717 D Street, N.W. Suite 400
                Washington, D.C. 20004-2817
                (202) 638-4667
                Attorney for Defendant, John Crum