UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

     v.      :   Criminal No. 07-153-19  (ESH)

JOHN FRANKLIN CRUM      :

<u>MOTION FOR REVOCATION OR AMENDMENT OF DETENTION
ORDER AND TO SET RELEASE CONDITIONS</u>

    Defendant, John Franklin Crum, by and through his Attorney, moves the Court, pursuant to the provisions of 18 United States Code, Section 3145(b) to revoke the Detention Order and set conditions of release of the Defendant, pending trial in this case.  The reasons are as follows:

    1.  Defendant was arrested on June 19, 2007, following the return of the Indictment in this case.   The Indictment charges the Defendant and eighteen others with Conspiracy to Distribute and Possess With Intent to Distribute PCP and Heroin – 21 U.S.C. 846. At arraignment, detention was requested by the government pursuant to 18 U.S.C. 3142(f)(1)(C) and a detention hearing was held before Magistrate Judge Facciola on June 22, 2007.  At the hearing, the government proceeded by proffer and Defendant also proceeded by proffer.  At the conclusion of the hearing, the Magistrate Judge ordered Defendant detained pending trial.  Written findings were to follow.  The Magistrate Judge orally ordered Defendant held without bond.

A written Detention Memorandum (18 U.S.C. 3142(i) (1)), dealing with all arrested Defendants who were held following their hearings was issued by Magistrate Judge Facciola and filed on June 29, 2007. Two defendants, Jerome Hampton and Lena Brown were not held. The omnibus Detention Memorandum makes blanket reasons for detention and blanket conclusions for all held Defendants. (Id. pg. 12 – 15 )– followed by a chart summarizing the Magistrate Judge's review as to each Defendant of crimes charged, criminal history, probation or parole time and community ties. (Id 17 – 22).

    2. Defendant contends that where the District Court Judge reviews an order of pre-trial detention by a Magistrate Judge, the Court conducts its own hearing and makes its own determination and that the review is de-novo. *United States v. Delker,* 757 F.2d 1390 (3 Cir. 1985); *United States v. Tortora,* 922 F.2d 880 (1 Cir. 1990); *United States v. Clark*, 865 F.2d 1463 (4th Cir. 1989); *United States v. Maull,* 773 F.2d 1479, 1481 (8th Cir 1985) (en banc); *United States v. Reuben*, 974 F.2d 580. 585 (5th Cir 1992). See also *United States v. Smith,* 79 F.3d 1208, 1209 (D.C. Cir. 1996), where a de novo hearing from a magistrate judge's determination was held before the district court.

    3. The Indictment in this case does not factually, detail the alleged conspiracy nor the alleged roles of the participants during the time period set

forth. During the course of the detention hearings, the government proceeded by proffer as to what the government contended were the roles of the various indictees. The allegation as to Defendant, John Crum, centered upon the time frame of the end of April and early May, 2007. and related to intercepts and observations and the execution of a search warrant on June 19, 2007.

    4. Defendant proceeded by proffer as to his residency, family ties, employment and past history.

    5. The government's proffer was summarized by Magistrate Judge Facciola on page 12 of his Detention Memorandum and referred to a proffer of alleged wiretapped telephone conversations on May 9, 2007 and a meeting in L. Glover's truck allegedly between Glover and Defendant where the government contends coded language was used. The proffer continued with an allegation of alleged wiretapped phone conversations on May 16, 2007 of another planned meeting and the recovery of a trash bag which was alleged to have been deposited by L. Glover on Branch Avenue. The government's proffer recited the allegation that on June 19, 2007, a search of defendant's residence yielded 210 grams of cocaine and a handgun and "cutting and processing tools "– not defined. .

6. Defendant relied on lifelong residence in the area, six children – 3 of whom reside with the Defendant and his wife – who is gainfully employed – in an apartment in Alexandria, Virginia for the past four years. He also is employed as a truck driver for the D.C. Department of Public Works for the past four years and has the job. His prior criminal history does not reflect any failures to appear or prior felony drug convictions.

7. The decision of the Magistrate Judge to order detention in this case was not predicated upon any risk of flight, but on the assertion that no condition or combination of conditions would reasonably assure the safety of the community. (Det. Memo pg. 12, 13) A presumption that no condition or combination of conditions will reasonably assure the safety of the community is a rebuttable presumption where the maximum sentence of ten years or more is prescribed under the Controlled Substance Act. 18 U.S.C. 3142(e).

8. Under 18 U.S.C. 3142(g) the judicial officer, in determining whether there are conditions that will reasonably assure the safety of the community, takes into account the available information concerning (1) the nature and circumstances of the offense. . .(2) the weight of the evidence . . .(3) the history and characteristics of the defendant under (A) and (B) and (4) the nature and seriousness of the danger to person or the community.

9. If danger to the community is a consideration, then Defendant contends that factors delineated in 18 U.S.C. 3142 (c) (B) (i) through (xiv) permit release which could include work release, electronic monitoring, curfew and other conditions or combination of conditions short of detention.

10. As was stated early on in *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985), "it was not the responsibility of the appellee to carry the Government's burden of proof or persuasion. . . .the presumption operates at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption.. . ."

11. As was noted in *United States v. Singleton,*, 182 F.3d 7, 9 (D.C. Cir.1999).  where a detention hearing is appropriate, "the judicial officer must consider several enumerated factors to determine whether conditions short of detention will 'reasonably assure the appearance of the person as required and the safety of any other person and the community.' 18 U.S.C. &3142(g). . ."

12. As stated by the Supreme Court, "The judicial officer is not given unbridled discretion in making the detention determination.  Congress has specified the considerations relevant to that decision.  These factors include the nature and seriousness of the charges, the substantiality of the Government's evidence against the arrestee, the arrestee's background and

characteristics, and the seriousness of the danger posed by the suspect's release. &3142(g)." *United States v. Salerno*, 481 U.S. 741, 743, 107 S.Ct. 2095, 2099 (1987).

13. Defendant contends that what is implicit in the above cited authorities, is that separate consideration must be given to individual Defendants charged in a case. In the case of John Crum, the question is whether conditions short detention can be fashioned to assure community safety. From the proffers summarized in the Detention Memorandum, Defendant would conclude there is no allegation that he was a supplier in the charged conspiracy or involved in the procurement of controlled substances from sources outside of the District of Columbia. Although Conspiracy is alleged to have commenced some time in August of 2005, the factual proffer did not detail any alleged involvement before May of 2007.

14. It is submitted that the conditions enumerated in 18 U.S.C. 3142 (c) (B) (i) through (xiv). will provide ample safeguard against community danger; specifically those directed to third party custody, maintain employment, work release, electronic monitoring, curfew, high intensity supervision and avoidance of contact with any persons involved in the case. It appears that detention was ordered as to other charged Defendants, except two, who do not appear from the government proffers as detailed in the

Detention Memorandum to be major participants or known to Defendant, herein.

15. Defendant, Crum, submits that there are available release conditions of such restrictive nature as to satisfy the statutory concerns of community safety. i.e. work release during designated hours, electronic monitoring, curfew, high intensity supervision, restriction on travel and association are examples.

WHEREFORE, Defendant prays that a de novo hearing be held on the matters set forth in this Motion and Defendant be released on such conditions as set forth in 3142(c) as the Court shall determine.

> WILLIAM JACKSON GARBER #42887
> 717 D Street, N.W. Suite 400
> Washington, D.C. 20004-2817
> (202) 638-4667
> Attorney for Defendant John Crum

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :

      v.    :    Criminal No. 07-154-19 (ESH)

JOHN FRANKLIN CRUM    :

ORDER FOR RELEASE CONDITIONS

Upon consideration of the Motion For Revocation or Amendment of Detention Order, and the matters and things considered

It is by the Court, this _____ day of July, 2007

ORDERED: That the motion be, and the same is hereby granted and that Defendant, John Fanklin Crum, be released on conditions as set forth in a Release Order this date.

_____
ELLEN SEGAL HUVELLE
United States District Judge