UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 07-153 (ESH) |
| | : | |
| **LONNELL G. GLOVER,** *et* al., | : | |
| Defendants. | : | |

## GOVERNMENT'S MOTION TO DELAY ARRAIGNMENT

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to delay the arraignment of all of the defendants, save defendant Thompson on the superseding Indictment in this case filed on November 8, 2007. As grounds for this motion the government cites the following points and authorities.

1.  On June 13, 2007, a grand jury of this court returned an Indictment in this matter against the defendants charging them with conspiracy to distribute and possess with intent to distribute more than a kilogram of phencyclidine and more than a kilogram of heroin in violation of 21 United States Code, §§ 846, 841(a)(1), 841(b)(1)(A)(i) and 841(b)(1)(A)(iv) and seeking forfeiture pursuant to 21 United States Code, § 853. On November 8, 2007, that same grand jury returned a superseding Indictment in this matter charging adding additional counts involving drugs and firearms seized during the arrests of various of the defendants and seeking forfeiture pursuant to 21 United States Code, § 853.

2.  Rule 10 of the Federal Rules of Criminal Procedure governs arraignment upon filing of an Indictment or criminal Information. It provides:

> **a) In General.**
> An arraignment must be conducted in open court and must consist of:
> **(1)** ensuring that the defendant has a copy of the indictment or information;
> **(2)** reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then
> **(3)** asking the defendant to plead to the indictment or information.
> **(b) Waiving Appearance.**
> A defendant need not be present for the arraignment if:
> **(1)** the defendant has been charged by indictment or misdemeanor information;
> **(2)** the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and
> **(3)** the court accepts the waiver.

Rule 10, Federal Rules of Criminal Procedure. In the instant matter each of the defendants has been arraigned on the original Indictment in this matter on June 19th and 20th by Magistrate Judge John M. Facciola of this Court when the defendants were before him on the return on the Rule 9 bench warrants for their arrest issued upon the return of that Indictment by the grand jury. Further, all of the defendants are aware that the government intended to return a superseding Indictment because the government announced its intention in response to a question posed in open court by the Court.

      2.      Rule 10 permits the Court to waive arraignment upon a written waiver from the defendant signed by the defendant and his counsel acknowledging receipt of the Indictment and entering a plea of not guilty. While we seek here only to <u>delay</u> arraignment, in many respects we have actual compliance with the provisions of Rule 10(b). In the instant case the United States has been in contact with counsel for the defendants Parker, Glover and Price concerning this motion to delay arraignment pending the next status hearing in this matter. Each of those defendants, by counsel, has indicated they have no objection to this motion. Counsel for defendant Price, consistent

with Rule 10, asked for a copy of the superseding Indictment. As of this time we have not heard from counsel for defendant Lee but we would point out that with regard to Mr. Lee, there are no new charges in the superseding Indictment. Finally, with regard to the defendant Thompson, there is no need to delay the arraignment since he was arraigned in open court on November 16, 2007. We submit that all counsel will receive a copy of the superseding Indictment when it is attached to the ECF notice of its filing. Additionally, we are attaching a copy of the superseding Indictment to this pleading.

4.  There is no requirement in the Federal Rules or in the Speedy Trial Act, 18 United States Code, § 3161, *et seq.*, regarding when arraignment must be held. However, the Speedy Trial Act provides that "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed *pro se*." 18 United States Code, § 3161(c)(2). This should present no difficulty in this matter because we propose to conduct the arraignment of the remaining defendants upon their next appearance in court, more than thirty days before any scheduled trial date in this matter.

5.  All the defendants in this matter are currently incarcerated in the District of Columbia Department of Corrections. The movement of multiple prisoners by the United States Marshals Service puts a great strain on the personnel resources of the Marshals Service particularly when other multiple defendant matters are before other judges of this Court. Given those limited resources we

suggest that where, as here, the appearance of multiple incarcerated defendants in an additional trial can be minimized without adverse effect on the proceedings of the court, the safety and security of defendants, the public and courthouse personnel suggests that we should do so.

**WHEREFORE**, we respectfully request that the Court delay arraignment in this matter until the next status hearing in this matter.

                                          JEFFREY A. TAYLOR
                                        UNITED STATES ATTORNEY

---

WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

---

ANTHONY SCARPELLI
Assistant United States Attorney

---

JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

**I HEREBY** certify that I have caused a copy of the foregoing government's Motion to Delay Arraignment and proposed Order to be served by mail upon counsel, for defendants as listed below; this 16th day of November, 2007.

                                        _____
                                        WILLIAM J. O'MALLEY, JR.
                                        Assistant United States Attorney
                                        D. C. Bar No. 166-991
                                        555 4th Street, N.W., Fourth Floor
                                        Washington, D.C.  20001
                                        (202) 305-1749

| | |
|---|---|
| **Lonnell G. Glover**<br>Thomas Abbenante, Esquire<br>1919 Pennsylvania Avenue, N.W.<br>Suite 200<br>Washington, D.C. 20006 | **Cornell Anthony Glover**<br>Brian K. McDaniel, Esquire<br>1211 Connecticut Avenue, N.W.<br>Suite 506<br>Washington, D.C. 20036 |
| **Velma Williams**<br>Pleasant S. Brodnax, Esquire<br>1700 Pennsylvania Avenue, N.W.<br>Suite 400<br>Washington, D.C. 20006 | **Daniel Maurice Thompson**<br>Howard Katzoff, Esquire<br>601 Indiana Avenue, N.W.<br>Suite 500<br>Washington, D.C. 20004 |
| **John Smith**<br>Cynthia Katkish, Esquire<br>601 Pennsylvania Avenue, N.W.<br>South Bldg., Suite 900, PMB 221<br>Washington, D.C. 20004 | **James Taylor**<br>Robert Jenkins, Esquire<br>901 Pitt Street<br>Suite 320<br>Alexandria, Virginia 22314 |
| **Herbert Francis Young**<br>Dwight E. Crawley, Esquire<br>2121 Eisenhower Avenue<br>Suite 200<br>Alexandria, Virginia, 22314 | **Jerome Hampton**<br>Nathan Silver, II, Esquire<br>P.O. Box 5757<br>Bethesda, MD 20814 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 07-153 (ESH) |
| | : | |
| **LONNELL G. GLOVER,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

Upon motion of the United States without objection from the defendants, and after a consideration of the entire record in this matter, it is this _____ day of November, 2007,

ORDERED that the defendants Parker, Glover, Lee and Price shall be arraigned on the superseding Indictment in this matter at the status hearing presently scheduled for December 7, 2007, or when next they appear in court with counsel, whichever occurs sooner.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Copies to:
WilliamJ. O'Malley, Jr.
Anthony Scarpelli
John K. Han
Assistant United States Attorneys

**Lonnell G. Glover**
Thomas Abbenante, Esquire
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006

**Velma Williams**
Pleasant S. Brodnax, Esquire
1700 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20006

**John Smith**
Cynthia Katkish, Esquire
601 Pennsylvania Avenue, N.W.
South Bldg., Suite 900, PMB 221
Washington, D.C. 20004

**Herbert Francis Young**
Dwight E. Crawley, Esquire
2121 Eisenhower Avenue
Suite 200
Alexandria, Virginia, 22314

**Cornell Anthony Glover**
Brian K. McDaniel, Esquire
1211 Connecticut Avenue, N.W.
Suite 506
Washington, D.C. 20036

**Daniel Maurice Thompson**
Howard Katzoff, Esquire
601 Indiana Avenue, N.W.
Suite 500
Washington, D.C. 20004

**James Taylor**
Robert Jenkins, Esquire
901 Pitt Street
Suite 320
Alexandria, Virginia 22314

**Jerome Hampton**
Nathan Silver, II, Esquire
P.O. Box 5757
Bethesda, MD 20814

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No.  07-153 (ESH) |
| | : | |
| **LONNELL G. GLOVER,** *et* al., | : | |
| Defendants. | : | |

GOVERNMENT'S MOTION TO DELAY ARRAIGNMENT

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

GRAND JURY SWORN IN ON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 07- 153 (ESH) |
| | : |
| LONNELL G. GLOVER, | : Violations: |
| VELMA WILLIAMS, | : |
|   also known as MA, | : 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iv) |
|   also known as "MOTHER," | : and 841(b)(1)(A)(I) |
| JOHN SMITH, | : (Conspiracy to Distribute and Possess with |
|   also known as "SMITTY," | : Intent to Distribute One Kilogram or More |
| HERBERT FRANCIS YOUNG, | : of Phencyclidine, and One Kilogram or More |
| CORNELL ANTHONY GLOVER, | : of Heroin) |
|   also known as "TONY," | : 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(I) |
| COOLERIDGE BELL, | : (Possession with Intent to Distribute More |
|   also known as "COOLRIDGE BELL," | : Than 100 Grams of Heroin) |
|   also known as "CARLTON BELL, | : 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) |
| CHARLES GLADDEN, | : (Possession with Intent to Distribute More |
|   also known as "BOONE," | : Than 50 Grams of Cocaine Base) |
| DANIEL MAURICE THOMPSON, | : 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| HENRY BROWN, | : (Possession with Intent to Distribute |
|   also known as "HB," | : Phencyclidine) |
| JAMES TAYLOR, | : 18 U.S.C. § 924(c) |
| JEROME HAMPTON, | : (Using, Carrying, or Possessing a Firearm |
|   also known as "JAY," | : During and in Relation to a Drug Trafficking |
| JOE BROWN, JR., | : Crime) |
|   also known as "PUMPKIN," | : 18 U.S.C. § 922(g)(1) |
| JOHN WASHINGTON, | : (Possession of a Firearm After Conviction of |
|   also known as "HEAD," | : a Felony) |
|   also known as "HEADS," | : 21 U.S.C. § 853 (Forfeiture) |
| RONALD COOK, | : |
| LENA BROWN, | : |
| JOHN FRANKLIN CRUM, | : |
|       Defendants. | : |

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

From on or about sometime in August 1, 2005, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including at least June 11, 2007, in the District of Columbia, the District of Maryland, the Eastern District of New York, the Southern District of New York, the Northern District of Georgia, the Eastern District of Missouri, the Central District of California, and elsewhere, **LONNELL G. GLOVER, VELMA WILLIAMS,** also known as MA, also known as "MOTHER," **JOHN SMITH,** also known as "SMITTY," **HERBERT FRANCIS YOUNG, CORNELL ANTHONY GLOVER,** also known as "TONY," **COOLERIDGE BELL,** also known as "COOLRIDGE BELL," also known as "CARLTON BELL," **CHARLES GLADDEN,** also known as "BOONE," **DANIEL MAURICE THOMPSON, HENRY BROWN,** also known as "HB," **JAMES TAYLOR, JEROME HAMPTON,** also known as "JAY," **JOE BROWN, JR.,** also known as "PUMPKIN," **JOHN WASHINGTON,** also known as "HEAD," also known as "HEADS," **RONALD COOK, LENA BROWN, JOHN FRANKLIN CRUM,** did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with ANTHONY MAURICE SUGGS, also known as "APPLEJACK," JULIAN JOHNSON, also known as "JUJU," also known as "JU," JAMES LAWRENCE PARKER, also known as "YOGI," ERNEST MILTON GLOVER, also known as "FISH," GLENDALE EARL LEE, also known as "GLEN," HELERY PRICE, also known as "BROTHER," NGOZI JOY, also known as "NIKKI," LESLIE WOOD, also known as "DIAMOND," CHRISTIAN DONALDSON, DIANE HOLMES**,** co-conspirators not indicted herein, and with others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I narcotic drug controlled substance, and the quantity of said mixture and substance was one kilogram or more, and a mixture

and substance containing a detectable amount of heroin, a Schedule I controlled substance, and the quantity of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iv) and 841(b)(1)(A)(I).

> (**Conspiracy to Possess With Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine and One Kilogram or More of Heroin**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about June 19, 2007, within the District of Columbia, **JOHN SMITH,** also known as" SMITTY," did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, and the amount of said mixture and substance was 100 grams or more.

> (**Unlawful Possession with Intent to Distribute More Than 100 Grams of Heroin,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(I))

## COUNT THREE

On or about June 19, 2007, within the District of Columbia, **JOHN SMITH,** also known as" SMITTY," did knowingly carry and use a firearm that is, a Harrington & Richardson .32 caliber firearm, Model No. 732, with Serial No. J2764, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Count Two of this Indictment.

> (**Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime,** in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT FOUR

On or about June 19, 2007, within the District of Columbia, **JOHN SMITH,** also known as" SMITTY," did knowingly carry and use a firearm that is, an Iverson Johnson .32 caliber firearm, Model Hammerless, Serial No. I7940, during and in relation to a drug trafficking crime for which

he may be prosecuted in a court of the United States, that is, Count Two of this Indictment.

**(Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime,** in violation of Title 18, United States Code, Section 924(c)(1)(A))

### COUNT FIVE

On or about the June 19, 2007, within the District of Columbia, **JOHN SMITH,** also known as "SMITTY," having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, did knowingly possess in and affecting interstate commerce, a firearm and ammunition, that is, a Harrington & Richardson .32 caliber firearm, Model No. 732, with Serial No. J2764.

**(Possession of a Firearm After Conviction of a Felony,** in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT SIX

On or about the June 19, 2007, within the District of Columbia, **JOHN SMITH,** also known as "SMITTY," having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, did knowingly possess in and affecting interstate commerce, a firearm and ammunition, that is, an Iverson Johnson .32 caliber firearm, Model Hammerless, Serial No. I7940.

**(Possession of a Firearm After Conviction of a Felony,** in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT SEVEN

On or about June 19, 2007, within the District of Columbia, **HERBERT FRANCIS YOUNG,** did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 50 grams or

more.

**(Unlawful Possession with Intent to Distribute More Than 50 Grams of Cocaine Base,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii))

### COUNT EIGHT

On or about June 19, 2007, within the District of Columbia, **HERBERT FRANCIS YOUNG,** did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance.

**(Unlawful Possession with Intent to Distribute Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

### COUNT NINE

On or about June 19, 2007, within the District of Columbia, **HERBERT FRANCIS YOUNG,** did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, and the amount of said mixture and substance was 100 grams or more.

**(Unlawful Possession with Intent to Distribute More Than 100 Grams of Heroin,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(I))

### COUNT TEN

On or about June 19, 2007, within the District of Columbia, **HERBERT FRANCIS YOUNG,** did knowingly carry and use a firearm that is, a Mossberg shotgun, Serial No. P144497, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Counts Seven, Eight and Nine of this Indictment.

**(Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime,** in violation of Title 18, United States

Code, Section 924(c)(1)(A))

### COUNT ELEVEN

On or about June 19, 2007, within the District of Columbia, **HERBERT FRANCIS YOUNG**, did knowingly carry and use a firearm that is, Davis Industries firearm, Serial No. AP482652, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Counts Seven, Eight and Nine of this Indictment.

**(Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime,** in violation of Title 18, United States Code, Section 924(c)(1)(A))

### COUNT TWELVE

On or about June 19, 2007, within the District of Columbia, **HERBERT FRANCIS YOUNG**, did knowingly carry and use a firearm that is, Smith & Wesson .38 caliber firearm, Serial No. 2D91855, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Counts Seven, Eight and Nine of this Indictment.

**(Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime,** in violation of Title 18, United States Code, Section 924(c)(1)(A))

### COUNT THIRTEEN

On or about June 19, 2007, within the District of Columbia, HERBERT FRANCIS YOUNG, did knowingly carry and use a firearm that is, Smith & Wesson .38 caliber firearm, Serial No. D539990, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Counts Seven, Eight and Nine of this Indictment.

**(Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT FOURTEEN

On or about June 19, 2007, within the District of Columbia, **DANIEL MAURICE THOMPSON,** did unlawfully, knowingly and intentionally possess with intent distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(**Unlawful Possession with Intent to Distribute Heroin,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## FORFEITURE ALLEGATION

1. The violation alleged in Count One of this Indictment is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offense alleged in Count One, the defendant(s) in this Indictment, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from proceeds obtained directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to:

    (a)    <u>Money Judgment</u>:

            (I) a sum of money equal to the total amount of money, representing the amount of proceeds obtained as a result of the offense, conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, one kilogram or more of phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a)(I) and (iv) for which the defendants are jointly and severally liable;

    (b)    <u>Real Property</u>:

            (I) the real property described as 1820 M Street, N.E., Washington, D.C., further described as a semi-

    detached brick dwelling, lot numbered 114 in the square numbered 4445, in the subdivision made by the Shelbourne Company, Inc., as per plat recorded in Liber 89 at folio 16 in the Office of the Surveyor for the District of Columbia;

    (ii)  the real property described as 3417 B Street, S.E., Washington, D.C., further described as lot 40 in square 5418 in a subdivision made by Morris H. Ginsburg and Julius H. Ginsburg, as per plat recorded in Liber 130 at folio 13 in the Office of the Surveyor for the District of Columbia;

    (iii)  the real property described as 1338 N Street, S.E., Washington, D.C., further described as lot 801 in square 5781 and as lot 183 and the west 4 foot front by the full depth of the lot numbered 184 in Fox, Van Hook and Dobler's subdivision known as Uniontown, now known as Anacostia, as per plat recorded in book Levy County 2, page 83 in the Office of Surveyor for the District of Columbia;

    (iv)  the real property described as 9002 Old Palmer Road, Fort Washington, Maryland, further described as lot numbered 1 in block A in the subdivision known as Plat No, One, Hunters Mill Woods, as per plat thereof recorded in Plat Book NLP 104 at Plat No. 19, among the Land Records of Prince George's County, Maryland, being in the 5th Election District;

    (v)  the real property described as 4908 Brentley Road, Temple Hills, Maryland, further described as lot 114 in a subdivision known as Section 2, Woodlane, as per plat thereof recorded in Plat Book WWW 30 at Plat No. 65, among the Land Records of Prince George's County, Maryland; and

(c)    United States Currency:

    I) $175,000.00 in U.S. currency, seized from Cardinal Marshall on June 3, 2007.

By virtue of the commission of the felony offense charged in Count One of this Indictment, any and all interest that the defendant(s) have in the property constituting, or derived from, any proceeds

obtained, directly or indirectly, as the result of the charged conspiracy or used, or intended to be used, to facilitate the charged conspiracy, is vested in the United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

    3. If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of said property listed above as being subject to forfeiture.

    (**Criminal Forfeiture**, in violation of Title 21, United States Code, Sections 853 and 853(p).)

A TRUE BILL:


FOREPERSON.


Attorney for the United States in
and for the District of Columbia