## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | **:** | |
| | **:** | **Criminal No. 07-CR-153(1) (TFH)** |
| *v.* | **:** | |
| | **:** | |
| **LONNELL GLOVER, ET. AL,** | **:** | |
| | **:** | |
| *Defendants.* | **:** | |

### DEFENDANT GLOVER'S MOTION FOR DISCLOSURE OF BRADY AND GIGLIO INFORMATION AND FOR THE EARLY PRODUCTION OF JENCKS INFORMATION AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Lonnell Glover ("Glover"), by and through undersigned counsel, respectfully moves this Court for an Order directing the Government to immediately disclose all Brady and Giglio information, as well as Jencks material. In support of this Motion, Ms. Alvarez-Rios states as follows:

### FACTS

In this case, the government has charged Glover and his co-defendants in a fourteen count indictment alleging that a conspiracy to possess with intent to distribute and to distribute one kilogram or more of phencyclidine and one kilogram or more of heroin, and various substantive narcotics offenses against co-defendants John Smith and Herbert Young. The Government alleges the conspiracy lasted from sometime in August 2005 until at least June 11, 2007, in the District of Columbia, Maryland, New York, Georgia, Missouri, California and elsewhere.

## **ARGUMENT**

Pursuant to <u>Brady v. Maryland</u>, 373 US 83 (1963), and its progeny, including <u>United States v. Argurs</u>, 427 US 97 (1976), and <u>Giglio v. United States</u>, 405 US 150 (1972), MS. Alvarez-Rios is entitled to all exculpatory or impeachment material in the government's possession, custody, or control, or otherwise known to the government, including without limitations:

1.     Any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not limited to relevant "rap sheets," of each witness the government intends to call at trial.

2.     Any and all consideration or promises of consideration given by any law enforcement officials, including prosecutors or agents, police, informers, or by any other government official, representative or agent, to or on behalf of any witness the government intends to call at trial, or to any member of the immediate family of any such witness. Such "consideration" refers to anything which arguably could be of value or use to a witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative or other matter involving the state or federal government, any other authority, or other parties, including the conditions of confinement or incarceration; civil, criminal, or tax immunity grants; relief for forfeiture, payment of money, reward or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; placement in a "witness protection" program, letters to anyone informing the recipient of the witness' cooperation or informer registration; promises to take affirmative action to help the promisee not to jeopardize such status; aid or efforts in securing or

maintaining the business or employment of a witness, or promises not to jeopardize such status; and anything else which arguably could reveal an interest, motive or bias on the part of the witness in favor of the prosecution or against the defendant or act as an inducement to testify or to color the testimony.

3.     Copies of all documents, statements, and other evidence, including but not limited to written summary of any oral evidence and statements, now in possession of the government or which may become known to the government, or which through due diligence may be learned by the government, which is exculpatory in nature or favorable to defendant or which may lead to material which is exculpatory in nature or favorable to defendant, or which tends to negate or mitigate the guilt of defendant, as to the offenses charged, or which would tend to reduce the punishment thereof. Include the names, addresses, and telephone number of any persons who know or may know of any such favorable or exculpatory material or who may lead to persons or materials that may be favorable or exculpatory. Also include any written or recorded statements or the substance or oral statements by any person which are inconsistent with testimony or expected testimony any government witness will give at trial and any other evidence which otherwise reflects upon the credibility, competency, bias or motive or may otherwise tend to impeach any of the government's witnesses.

4.     With respect to each witness the government intends to call at trial, or any member of the immediate family of such witness, copies of any indictments, complaints or information brought against such person by the federal, or any state or local government, any disciplinary, licensing, tax, customs, or immigration proceeding brought by the federal, or any state or local government, and set forth what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates

on which pleas of guilt, if any, took place; and the names of the judges, or hearing officers

before whom such pleas were taken. If the government does not have copies of all

indictments, complaints, or proceedings, state the dates and places of arrests, hearings,

indictments, and information, the charges brought, and the disposition of those charges or

matters so far as it is known to the government.

5.     With respect to each witness the government intends to call at trial, or any

member of the immediate family of such witness, a written summary of any charges or tax

proceeding which could be brought by the federal, or any state or local government, but which

have not or will not be brought because the witness is cooperating with or has cooperated with

the government, or for any other reason. Include copies of any memoranda or understanding

between the government and its witnesses, whether by way of a letter to the attorney for a

witness or otherwise.

6.     Any material not otherwise listed which reflects or evidences the

motivation of any witness the government intends to call at trial either to cooperate with the

government or to express any bias or hostility against defendant.

7.     The existence and identification of each occasion on which a witness the

government intends to call at trial has testified before any court, grand jury, or other tribunal or

body, or has officially narrated in relation to defendant or to the investigation of or facts related

to this case.

8.     A list of all judicial proceedings any criminal cases involving (as a

witness, indicted co-conspirator, aider or abettor, or defendant) any person who is a potential

prosecution witness at the trial in this action.

4

9.      Any statement or document, including but not limited to grand jury testimony and federal, state and local tax returns, made or executed by any potential government witness at the trial in this action, which the government knows, or through reasonable diligence should have reason to know, is false.

10.     A copy of any medical and psychiatric report known to the government or which reasonably can be known to the government concerning any witness the government intends to call at trial which may arguably affect the witness' credibility, ability to perceive or relate or recall events.

11.     Any documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the government intends to use as a witness at trial such as records relating to treatment of such individual in any federal, state or military drug or detoxification program.

12.     Any written or oral statement, whether or not reduced to writing, made by any potential government witness, that in any way contradicts or is inconsistent with or different from other oral or written statements he/she had made.

13.     Any written or oral statement, whether or not reduced to writing, made by any potential government witness or not, which in any way contradicts or is inconsistent with or different from other oral or written statements made by a government witness.

14.     Any failure by a potential witness to at any time recall a meeting, conservation of telephone communication with defendant regarding any matter alleged in this indictment or any matter as to which said potential witness might testify (notwithstanding that said failed recollection may subsequently have been refreshed either in whole or in part).

15.     Any request prepared by the prosecution or by any other government

5

official or agent for permission to grant immunity or leniency for any witness, whether or not such request was granted.

16.     Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence.

17.     Any exculpatory information given before the grand jury.

18.     The same records and information requested in items (a) through ® with respect to each non-witness declarant whose statements are offered in evidence.

19.     The names and addresses of any persons whom the prosecution, its agents or representatives believe to have relevant knowledge and/or information with reference to the charges contained in the indictment but whom the prosecution does not propose to call as witnesses at trial.

20.     Any and all records and information evidencing prior or subsequent criminal acts, bad acts, or possible misconduct of any witness the government intends to call at trial.  This request encompasses any alleged by others of criminal acts, bad acts, or possible misconduct of government witnesses.

Jencks material should be provided to the defense so as to furnish Ms. Alvarez-Rios with sufficient time to examine and utilize this material in a meaningful manner prior to, and during, trial. United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983).  While the timing of such a disclosure may differ, a court has the power to accommodate the defense as well as the needs of each case.  See Jencks Act, Fed. R. Crim. P. 26.2.

## <u>CONCLUSION</u>

**WHEREFORE**, for the foregoing reasons, and any other that may become

apparent to the Court, defendant requests that this motion be **GRANTED**.

Dated: Washington, DC
   June 16, 2008       Respectfully submitted,

           **LAW OFFICE OF A. EDUARDO BALAREZO**


           _____
           A. Eduardo Balarezo (Bar No. 462659)
           400 Fifth Street, N.W.
           Suite 300
           Washington, D.C. 20001
           (202) 639-0999 (tel)
           (202) 783-5407 (fax)

           *Counsel for Lonnell Glover*

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of June 2008, I caused a true and correct copy of the foregoing Defendant Glover's Motion for Disclosure of Brady and Giglio Information and for Early Disclosure of Jencks Information and Incorporated Memorandum of Points and Authorities in Support Thereof in Support Thereof  to be delivered via Electronic Case Filing to the Parties in this case.

/s/

_____

A.  Eduardo Balarezo

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 07-CR-153 (Hogan)** |
| | : | |
| **LONNELL GLOVER** | : | |

_____

**ORDER**

Upon consideration of Defendant Glover's Motion for Disclosure of Bray and

Giglio Information and for Early Disclosure of Jencks Information and Incorporated

Memorandum of Points and Authorities in Support Thereof in Support Thereof, and any

opposition thereto, it is this _____ day of_____ 2005, hereby

ORDERED, that the Defendant's Motion shall be and hereby is **GRANTED**.

_____

**JAMES ROBERTSON**
**UNITED STATES DISTRICT JUDGE**

Copies to:

William O'Malley, Esq.                     A. Eduardo Balarezo
Emory V. Cole, Esq.                        400 Fifth Street, NW
Assistant United States Attorneys          Suite 300
US Attorney's Office                       Washington, DC  20001
555 Fourth Street, NW
Washington, DC  20530

Elita Amato, Esq.                          Manuel J. Retureta, Esq.
1211 Connecticut Avenue, NW                601 Pennsylvania Avenue, NW
Suite 400                                  Suite 900S
Washington, DC  20036                      Washington, DC  20004

H. Heather Shaner, Esq.                    Quentin Douglas Driskell, Esq.
1702 S Street, NW                          3667 Highwood Drive, SE
Washington, DC  20003                      Washington, DC  20020

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | **:** | |
| | **:** | **Criminal No. 07-CR-153(1) (TFH)** |
| *v.* | **:** | |
| | **:** | |
| **LONNELL GLOVER, ET. AL,** | **:** | |
| | **:** | |
| *Defendants.* | **:** | |

## <u>ORDER</u>

Upon consideration of Defendant Glover's Motion for Disclosure of Brady and Giglio Information and for Early Disclosure of Jencks Information and Incorporated Memorandum of Points and Authorities in Support Thereof in Support Thereof, and any opposition thereto, it is this _____ day of_____ 2008, hereby

**ORDERED**, that the Defendant's Motion shall be and hereby is **GRANTED**.

_____
**THOMAS F. HOGAN**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Parties via ECF