

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D C  20530*

May 8, 2008

Joanne Vasco, Esquire
4102 Madison Street
Hyattsville, Maryland 20781-1754
Sent via email:
joanne_vasco@hotmail.com

**FILED**

**JUN 1 1 2008**

Clerk, U.S. District and
Bankruptcy Courts

Re: United States v. John Franklin Crum
Criminal Number 07-153-19(TFH)

Dear Ms. Vasco:

    This letter confirms the agreement between your client, John Franklin Crum, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the plea agreement.  The terms of the offer are as follows:

***Mr. Crum's Obligations, Acknowledgments and Waivers***:

    1. Your client, John Franklin Crum, agrees to admit guilt and enter a plea of guilty to Count One of the Indictment charging him with conspiracy to possess with intent to distribute and distribute one kilogram or more of phencyclidine (PCP), in violation of 21 United States Code Sections 846, 841(a)(1), and 841(b)(1)(A)(iv).  Your client understands that pursuant to 21 United States Code Sections 841(b)(1)(A), he "shall be imprisoned not less than 10 years and not more than life ...." In addition, you client is subject to a fine of not more than $4,000,000, and is subject to a term of supervised release of at least five years.  In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.  Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range.  Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that

is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

    2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 1 kilogram of a mixture and substance containing a detectable amount of phencyclidine, and for all of the controlled substances in the search of his residence at 5705 Woodlawn Gable Drive, Apartment B, Alexandria, Virginia on June 19, 2007 (277 grams of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine). These quantities represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute, and amounts distributed or possessed with intent to distribute by co-conspirators of your client pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement. Your client also agrees and will acknowledge that is accountable, as specific offense characteristics, for possession of a Highpoint Model C, .9mm handgun, with serial no. P213182.

    3. The government agrees that it will not seek any increases in your client's base offense level other then those agreed to by your client in this agreement. The government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

    4. In addition, your client agrees to the criminal forfeiture of your client's interest in $220 taken from your client's residence, pursuant to 21 U.S.C. Section 853, as proceeds obtained, directly or indirectly, as the result of illegal drug trafficking. In order to effectuate the forfeiture, your client agrees to the entry of a Consent Decree of forfeiture, a copy of which is attached hereto. Your client further agrees not to contest the administrative forfeiture of the aforementioned property if such administrative forfeiture proceedings are initiated by a law enforcement agency. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

    5. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of the illegal firearm and contraband seized by law enforcement from 5707

Woodlawn Gable Drive, Apartment B, Alexandria, Virginia on June 19, 2007, that was in the direct or indirect control of your client, and that you client consents to the administrative forfeiture, official use and/or destruction of said firearms and contraband by any law enforcement agency.

6. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. Section 3143, your client be detained without bond pending your client's sentencing in this case.

7. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

8. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

9. Your client acknowledges discussing with you Federal R. Crim. P. 11(f) and Fed. R. Evid. 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

10. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward

departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

11. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

### THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

12. This Office will bring no further charges regarding your client's drug trafficking activity prior to June 19, 2007. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. Section 16 and/or 22 District of Columbia Code Section 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement and to utilize evidence of all your client's narcotics trafficking activity as it is relevant to any charge of a crime of violence.

### General Conditions:

13. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

14. The government agrees not to oppose your client's position that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold or otherwise mislead the Court, the Probation Office or the government concerning any issue relevant to the imposition of sentence. Your client also acknowledges that because a firearm was recovered in the search of his residence at 5705 Woodlawn Gable Drive, Apartment B, Alexandria, Virginia, on June 19, 2007, the United States Probation Office may, pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines, increase his Guidelines range by two (2) levels. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

15. This letter sets forth the entire understanding between the parties and constitutes the

complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

16. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

17. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

                          Sincerely yours,

                          JEFFREY A. TAYLOR
                          UNITED STATES ATTORNEY

BY: _____
      WILLIAM J. O'MALLEY, JR.
      Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

**Defendant's Acceptance**

    I have read each of the five (6) pages constituting this plea agreement and have discussed it with my attorney, Joanne Vasco, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound and having had an opportunity to review the evidence against me. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6-11-08

JOHN FRANKLIN CRUM
Defendant

***Attorney's Acknowledgment***

    I have read each of the five (6) pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I have reviewed with my client much of the evidence available to the United States and I concur in my client's desire to plead guilty and cooperate with the government as set forth in this agreement.

Date: 6-11-08

JOANNE VASCO, Esquire
Attorney for the Defendant