UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 07-153 (TFH) |
| | : |
| LONNELL GLOVER, *et al.*, | : |
|       Defendants. | : |

GOVERNMENT'S MOTION TO IMPEACH DEFENDANTS
WITH THEIR PRIOR CONVICTIONS PURSUANT TO RULE 609
AND TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO RULE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to admit (1) defendants' prior convictions for impeachment purposes pursuant to Rule 609, and (2) "other crimes evidence" pursuant to Rule 404(b). In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter.

This motion also responds to Lonnell Glover's motion for disclosure of 404(b) evidence (#227).

    **I.**    **IMPEACHMENT WITH PRIOR CONVICTIONS, RULE 609**

    1.    Each of the defendants is charged in Count One of a fourteen-count indictment with Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine ("PCP") and One Kilogram or More of Heroin, in violation of 21 United States Code, § 846. Defendants John Henry Smith and Herbert Francis Young are further charged in Counts Two and Nine, respectively, with: Unlawful Possession with Intent to Distribute More Than 100 Grams

of Heroin, in violation of 21 United States Code, §§ 841(a)(1) and 841(b)(1)(B)(I). Defendant John Henry Smith, in Counts Three and Four, and Herbert Francis Young, in Counts Ten through Thirteen, are also charged with: Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 United States Code, § 924(c)(1)(A). Defendant John Henry Smith has also been charged in Counts Five and Six with: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 United States Code, § 922(g)(1). Defendant Herbert Francis Young is also charged in Count Seven with: Unlawful Possession with Intent to Distribute More Than 50 Grams of Cocaine Base, in violation of 21 United States Code, §§ 841(a)(1) and 841(b)(1)(A)(iii). Finally, Defendant Herbert Francis Young is charged in Count Eight with: Unlawful Possession with Intent to Distribute Phencyclidine ("PCP"), in violation of 21 United States Code, §§ 841(a)(1) and 841(b)(1)(C).

2. The following defendants have prior criminal convictions:

**A. Lonnell Glover**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
| --- | --- | --- | --- | --- |
| Possession of a Handgun | N/A | Alexandria, VA | 4 years incar. | 09/04/1985 |
| Possession of Prohibited Weapons | N/A | Newark, NJ | 5 years incar. | 09/12/1980 |
| Robbery; Assault with a Dangerous Weapon (ADW) | 1979-FEL-00347 | Washington, DC | 2-10 years incar. | 07/14/1980 |

**B. John Henry Smith**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Attempted Carry Pistol without a License; Unlawful Possession of a Firearm; Unlawful Possession of Ammunition | 2004-FEL-004467 | Washington, DC | 180 days incar./180 suspend; 1 year sup. probation | 5/22/2007 |
| CPCS with Intent to Sell | N/A | Queens, NY | 2 - 4 years incar.; 5 years sup. probation | 09/11/1989 |
| Attempted Assault | N/A | Queens, NY | 16 months - 3 years incar. | 06/29/1989 |
| Possession of Stolen Property | N/A | Queens, NY | $5,000 fine | 09/20/1979 |
| Possession of Gambling Records | N/A | Queens, NY | $5,000 fine | 09/20/1979 |
| Assault | N/A | Queens, NY | 3 years sup. probation | 01/31/1979 |
| Harassment | N/A | Queens, NY | $50 fine | 07/07/1976 |
| Possession of Gambling Records | N/A | Queens, NY | 5 days incar. | 09/21/1970 |
| Operating Policy or Numbers Game | N/A | Queens, NY | $100 fine | 11/02/1967 |

C. Cornell Anthony Glover

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|

| Possession of Marijuana | N/A | Richmond, VA | 30 days incar. | 03/13/2007 |

### D. Charles Gladden

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Felony Obtain Money by False Pretense | N/A | VA | 7 years incar. | 06/05/1987 |
| Conspiracy to Distribute and Possess with Intent to Distribute Heroin | N/A | NY | 4 years incar. | 02/02/1984 |
| Felony Obtain Money Sign by False Pretense | N/A | Virginia Beach, VA | 3 years incar. | 05/21/1981 |
| Felony Unlawful Possession of a Pistol | N/A | | 1-3 years incar. | 02/26/1981 |
| Robbery | N/A | | 7 years incar. (Orig. Sentence: 5 years sup. probation - revoked) | 03/08/1968 |

### E. Henry Brown

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Felon/Addict in Possession of Firearm | N/A | Los Angeles, CA | 2 years incar. | 01/08/2003 |
| Grand Theft over $400; Felon/Addict in Possession of Firearm | N/A | Los Angeles, CA | 32 months incar. | 05/30/1995 |
| Possession of Firearm by Felon | N/A | Los Angeles, CA | 32 months incar. | 05/19/1995 |

| Possession of Firearm by Felon | N/A | Los Angeles, CA | 32 months incar. | 05/19/1995 |
| Grand Theft Property; Battery | N/A | CA | 2 years incar. (Orig. sent. On 4/25/94: 365 days incar./126 suspend; 36 months sup. Probation.) | 05/19/1995 |
| Infliction of Corporal Injury: Spouse/Co-Habitant; Battery | N/A | Los Angeles, CA | 120 days incar. (Orig. sent. on 2/25/92: 2 days suspend; 24 months probation.) | 09/16/1993 |
| Possession/Purchase of Cocaine Base for Sale | N/A | Los Angeles, CA | 2 years incar. | 05/04/1990 |

F.  James Irving Taylor, Jr.

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Possession of Marijuana | N/A | P.G. County, MD | 9 months probation | 02/07/2002 |
| UCSA Possession of Cocaine | 1984-CMD-015482 | | 24 months incar. | 05/09/1985 |
| Possession of Drug Paraphernalia with Intent to Use | 1984-CMD-015482 | | 30 days incar. | 05/09/1985 |
| UCSA Possession of Cocaine | 1984-CMD-007860 | | 18 months incar. | 01/09/1985 |
| Contempt | 1984-CMD-015482 | | 30 days incar. | 01/04/1985 |

| UCSA Possession with Intent to Distribute Heroin | 1982-FEL-001573 |  | 1 year incar. | 01/21/1983 |
| --- | --- | --- | --- | --- |
| UCSA Possession | 1980-CMD-013647 |  | 1 year incar./1 year suspend; 3 years probation | 05/26/1982 |
| Possession of Stolen Mail | N/A | Washington, DC | 5 years probation | 11/10/1976 |

### G. John Victor Washington

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
| --- | --- | --- | --- | --- |
| Burglary - 2nd Degree | 106497C | Montgomery County, MD | Unknown - Need updated report | 09/28/2006 |
| Theft |  | Chicago, IL | Stet Docket | 08/31/2006 |
| Knowingly Damage Property |  | Chicago, IL | Stet Docket | 08/31/2006 |
| Possession of a Controlled Substance - Misd. Marijuana | 2004-CMD-010052 |  | 60 days incar.; 1 year sup. probation; $50 fine | 09/23/2004 |
| Destruction of Property | 1996-FEL-000213 |  | 180 days incar/90 days suspend; 1 year sup. probation; $1,000 fine suspend. | 05/07/1996 |
| Attempted Possession with Intent to Distribute Heroin | 1988-FEL-006347 |  | 3-9 years incar. | 06/04/1988 |
| Receiving Stolen Goods (Felony) | 1981-FEL-005106 |  | 3 years sup. probation | 10/04/1985 |

| Prison Breach | 1984-FEL-007085 | | 1-3 years incar. | 12/17/1984 |
| UCSA Possession of Cocaine (Misd.) | 1984-FEL-006546 | | 180 days incar. | 12/17/1984 |
| UCSA Possession of Heroin | 1981-CMD-010381 | | Guilty - Sentence Unknown | 07/22/1982 |

**H. Joe Lester Brown, Jr.**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Carrying a Pistol Without a License | 1992-CMD-012480 | | 180 days incar./180 days suspend; 1 year sup. probation | 11/16/1992 |

**I. Ronald Germaine Cook**

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Attempt Possession with Intent to Distribute Heroin | 1995-FEL-005439 | Washington, DC | 8-24 months incar./8-24 months suspend; 15 months probation; $800 fine | 05/28/1999 |

3.    Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendants' convictions qualify and meet the requirements of Rule 609.

4.      In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting *en banc*, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (*en banc*). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the *Lipscomb* court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

5.      As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In *Lewis*, the defendant was charged with, among other things, distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. *Id.* at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, *id.* at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. *Id.* at 950.[1]

---

[1] To be sure, the court in *Lewis* acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. *Id.* at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction

6.  Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should a defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the convictions in assessing that credibility clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

---

outweighed its prejudice. While *Lewis* might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in *Lipscomb* commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. *Lipscomb*, 702 F.2d at 1058 n.35.

## II. OTHER CRIMES EVIDENCE, RULE 404(b)

7. The following constitute the other crimes and bad acts evidence which the government seeks to introduce against the designated defendant:[2]

### A. Lonnell Glover

N/A

### B. John Henry Smith

| OFFENSE | CASE NUMBER | JURISDICTION | OUTCOME | DATE |
|---|---|---|---|---|
| Attempted Carry Pistol without a License; Unlawful Possession of a Firearm; Unlawful Possession of Ammunition | 2004-FEL-004467 | Washington, DC | 180 days incar./180 suspend; 1 year sup. probation | 5/22/2007 |
| CPCS with Intent to Sell | N/A | Queens, NY | 2 - 4 years incar.; 5 years sup. probation | 09/11/1989 |

### C. Cornell Anthony Glover

N/A

### D. Charles Gladden

---

[2] The government has ordered the closed files for each of the cases about which the government is considering presenting proof at trial. To date, not all of the files have been received, but in an effort to give notice to each defendant as to universe of evidence the government intends to use at trial, this motion has been prepared. When the government receives the closed files, each defendant will be provided with the relevant discovery and a supplemental motion addressing the Rule 404(b) evidence will be filed.

| OFFENSE | CASE NUMBER | JURISDICTION | OUTCOME | DATE |
|---|---|---|---|---|
| Conspiracy to Distribute Drugs | CR94-454-03 | Greenbelt, MD | Arrest - Disposition Unknown | 01/09/1995 |
| Conspiracy to Distribute Drugs | CR94-183 | Newark, NJ | Arrest - Disposition Unknown | 12/07/1994 |
| Conspiracy to Distribute and Possess with Intent to Distribute Heroin | N/A | NY | 4 years incar. | 02/02/1984 |
| Conspiracy | N/A | Alexandria, VA | Arrest - Disposition Unknown | 10/29/1971 |

  **E.  Henry Brown**

| OFFENSE | CASE NUMBER | JURISDICTION | OUTCOME | DATE |
|---|---|---|---|---|
| Possession/Purchase of Cocaine Base for Sale | N/A | Los Angeles, CA | 2 years incar. | 05/04/1990 |
| Possession of Controlled Substance for Sale | N/A | Los Angeles, CA | Arrest - Disposition Unknown | 02/16/1988 |
| Possession of Controlled Substance for Sale | N/A | Los Angeles, CA | Arrest - Disposition Unknown | 08/13/1986 |
| Possession of Controlled Substance for Sale | N/A | Los Angeles, CA | Arrest - Disposition Unknown | 02/13/1986 |

| Trans, Sell Controlled Substance | N/A | Los Angeles, CA | Arrest - Disposition Unknown | 01/23/1986 |
| --- | --- | --- | --- | --- |
| PCP Possession for Sale | N/A | Los Angeles, CA | Arrest - Disposition Unknown | 06/03/1982 |

### F. James Irving Taylor, Jr.

| OFFENSE | CASE NUMBER | JURISDICTION | OUTCOME | DATE |
| --- | --- | --- | --- | --- |
| UCSA Possession of Cocaine | 1984-CMD-015482 | | 24 months incar. | 05/09/1985 |
| UCSA Possession of Cocaine | 1984-CMD-007860 | | 18 months incar. | 01/09/1985 |
| UCSA Possession with Intent to Distribute Heroin | 1982-FEL-001573 | | 1 year incar. | 01/21/1983 |

### G. John Victor Washington

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
| --- | --- | --- | --- | --- |
| Attempted Possession with Intent to Distribute Heroin | 1988-FEL-006347 | | 3-9 years incar. | 06/04/1988 |

### H. Joe Lester Brown, Jr.

N/A

### I. Ronald Germaine Cook

| OFFENSE | CASE NUMBER | JURISDICTION | OUTCOME | DATE |
| --- | --- | --- | --- | --- |

| Attempt Possession with Intent to Distribute Heroin | 1995-FEL-005439 | Washington, DC | 8-24 months incar./8-24 months suspend; 15 months probation; $800 fine | 05/28/1999 |

8. The government seeks to introduce evidence of the facts and circumstances surrounding the defendants' previous drug or gun related convictions and/or arrests. The defendants have numerous convictions which appear to be admissible pursuant to Rule 404(b). The government will supplement this information with additional specific facts when the case jackets are received from closed files. The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

9. Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." *Id.* at 929. As the Court of Appeals has noted *en banc*, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the court stated in *United States v. Cassell*, 292 F.3d 788, 791 (D.C. Cir. 2002) (citing *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it

inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

10.     Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984).

11.     As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. *Moore,* 732 F.2d at 989. *See Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[3]

12.     As the Court of Appeals noted in *Cassell*, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the

---

[3]     As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston*, 485 U.S. t 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." *Id*. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. *Id.*

same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" *Id.* at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant constructively possessed the drugs inside the apartment, with the intent to distribute it. The "other crimes" evidence of defendants' previous possession of drugs with the intent to distribute, is highly probative of the defendants' knowing and intentional possession of the PCP in this case. It also shows that the defendants' possession of the drugs was not the result of mistake or accident. As the Court of Appeals observed *en banc*, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." *Crowder*, 141 F.3d at 1209, n.5 (*en banc*).

13.    Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. *See, e.g., United States v. Burch*, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); *Crowder*, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (*en banc*); *United States v. Johnson*, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly <u>not</u> outweighed by the danger of unfair prejudice in this case.

Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

**WHEREFORE**, for the reasons stated above, the United States respectfully requests that this Court grant the government's motion to impeach the defendants' credibility with their prior convictions should they testify at trial, and to admit defendants' other crimes evidence.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

BY: _____
        WILLIAM J. O'MALLEY
        ANTHONY SCARPELLI
        JOHN K. HAN
        Assistant United States Attorneys

        United States Attorney's Office
        555 4th Street, N.W., Fourth Floor
        Washington, D.C. 20001
        (202) 514-7566

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.   : | Criminal No.  07-153 (TFH) |
| : | |
| LONNELL GLOVER, *et al.,*   : | |
| Defendants.   : | |

# ORDER

Upon the consideration of the government's Motion to Impeach Defendants With Their Prior Convictions Pursuant to Rule 609 and Admit Other Crimes Evidence Pursuant to Rule 404(b),  it is, this _____ day of September, 2008,

**ORDERED** that government's motion is GRANTED.

_____
THOMAS F. HOGAN
United States District Judge