UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.: 07-153 (TFH) |
| | : | |
| v. | : | |
| | : | |
| **LONNELL GLOVER, et al.** | : | |
| | : | |
| | : | |
| | : | |

**GOVERNMENT'S SUPPLEMENT TO ITS
OMNIBUS RESPONSE TO DEFENDANTS' PRETRIAL MOTIONS**

**Opposition to Cornell Glover's Motion to Suppress Evidence from 47 Randolph St.**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby supplements its response to defendant Cornell Glover's motion to suppress evidence from 47 Randolph St. [#286].

1. On June 15, 2007, at approximately 6:00 am, law enforcement executed a judicially authorized search warrant at 47 Randolph Place, NW, Washington, D.C.  Inside of the residence was Ernest Glover, his wife, and their three minor children.  Cornell Glover was not inside of the residence and is not part of Ernest Glover's immediate family.  Cornell Glover is the nephew of Ernest Glover.

2. Inside of the residence, law enforcement recovered marijuana, multiple ziplock bags, digital scales, guns, ammunition, PCP, and small glass vials.

3. Inside of the basement closet, law enforcement found a green shoe box and a red shoe box.  The green shoe box contained a plastic juice bottle of PCP.  Cornell Glover's fingerprints were found on the outside of the green shoebox.  Inside of the red shoe box were over 50 small empty

glass vials, medicine droppers, and plastic bags. Cornell Glover's fingerprints were found on the packaging material of one of the medicine droppers and a plastic bag inside of the red shoebox.

4. Defendant Cornell Glover seeks to suppress the evidence recovered from 47 Randolph Place on the grounds that there was no probable cause for the warrant and no basis for the "good faith" exception.

5. In addition to the arguments the government offered in its omnibus response, the government argues that defendant Cornell Glover may not challenge the search warrant at 47 Randolph because he has no reasonable expectation of privacy in that residence. Rakas v. Illinois, 439 U.S. 128 (1978). Based on the investigation and results of the search warrant, the government found no evidence that Cornell Glover was living at the residence during the time frame around the search warrant.

Respectfully Submitted,

_____/s/_____
John K. Han
Assistant United States Attorney
555 Fourth St., NW
Washington, DC 20530
202-514-6519